UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MICHAEL ZACHOWSKI, Civil No. 00-1215 (JRT/AJB)

Petitioner,

v. REPORT AND RECOMMENDATION

RICHARD L. STIFF,

Respondent .

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a prisoner at the Federal Correctional Institution at Waseca, Minnesota, ("FCI-Waseca"). He was convicted for a federal drug offense in the U.S.

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to § 2241 proceedings. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED MAY 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

District Court for the Eastern District of Wisconsin, and he is currently serving a 63-month federal prison term.

Petitioner presently contends that the federal Bureau of Prison, ("BOP"), is wrongfully refusing to give him twelve days of sentencing credit for time that he spent in confinement on state criminal charges. His argument is based on 18 U.S.C. § 3585(b), which provides that:

> "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence."

Petitioner claims that he served twelve days in "official detention" before he began serving his current federal prison term, for which he should now be given credit. He states that the BOP does not intend to release him until June 17, 2000, when in fact -- according to his reading of § 3585(b) – he should be released twelve days earlier.

The BOP apparently believes that Petitioner has already received the twelve days of sentence credit at issue, because those days were previously used to reduce another sentence imposed upon Petitioner by a Wisconsin state court. (See Memorandum from FCI-Waseca Inmate Systems Management, annexed to Petition.) The BOP's position appears to be supported by the Supreme Court's decision in United States v. Wilson, 503 U.S. 329 (1992). There, the Court noted that Congress, in the enactment of § 3585(b), "has made it clear that a defendant could not receive a double credit for his detention

time." Id. at 337. Petitioner nevertheless argues that he is indeed entitled to a double credit for the twelve days at issue, because § 3585(b) precludes double credit only when two federal sentences are involved – not when there is one federal sentence and one state sentence. In his words, "Title 18 U.S.C. § 3585 was not legislated to include the recognition of State sentences and only denies time already credited towards another federal sentence." (Petition, ¶ 8.)

Petitioner has not pursued any administrative relief in this matter, claiming that "the Administrative Remedy Procedure available at [his] place of detention will not provide relief in time to prevent the unlawful extension of his sentence." (Petition, ¶ 6.) He further argues that "he did not become aware of the particulars concerning Title 18 U.S.C. § 3585 until recently and was unaware that an issue existed regarding his release date until now." (Petition, ¶ 7.) In other words, Petitioner contends that, under the present circumstances, he should not have to exhaust his administrative remedies before seeking habeas corpus relief. The Court, however, disagrees.

## II. DISCUSSION

It is well-settled that federal prisoners must exhaust their available administrative remedies before seeking federal habeas corpus relief under 28 U.S.C. § 2241. Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993) ("[f]ederal prisoners seeking jail time credit... must exhaust administrative remedies before seeking habeas corpus relief"); Leighnor v. Turner, 884 F.2d 385, 387 (8th Cir. 1989); Willis v. Ciccone, 506 F.2d 1011 (8th Cir. 1974).

The Eighth Circuit Court of Appeals has identified four valuable objectives that are promoted by the exhaustion requirement. First, it helps to ensure a more complete development of the factual record before the matter is brought into court. Second, it gives the court the benefit of whatever special knowledge and experience the administrative agency might have to offer. Third, it acknowledges the autonomy of administrative agencies and the authority that Congress has granted to them. Finally, to the extent that claims can be resolved at the administrative level, the exhaustion requirement promotes judicial economy. Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976); see also, McCarthy v. Madigan, 503 U.S. 140, 145 (1992).

The BOP has provided an administrative remedy process for federal prisoners, which is set forth at 28 C.F.R. §§ 542.10-.19. Those regulations prescribe four steps that must be taken to satisfy the exhaustion requirement: (i) an inmate must first present his claim to an appropriate prison staff member, by submitting a request for informal resolution; (ii) if the claim is not resolved to the inmate's satisfaction, he must then present a formal written claim to the warden, (Form BP-9); (iii) if the prisoner is not satisfied with the warden's response, he must appeal to the Regional Director, (Form BP-10); and (iv) if still dissatisfied, the prisoner must take a final appeal to the General Counsel in the Central Office, (Form BP-11). To fully exhaust his administrative remedies, a federal prisoner must complete each of these four steps.

In the instant case, it is readily apparent that the Petitioner has not exhausted his administrative remedies available under 28 U.S.C. §§ 542.10-19. He essentially acknowledges as much in his assertion that the administrative remedy process cannot

provide relief to him in a timely manner. Therefore, the instant habeas corpus petition must be summarily dismissed for non-exhaustion, unless Petitioner's non-exhaustion can somehow be excused.

Some federal courts have concluded that the exhaustion of administrative remedies requirement should not be enforced where the prisoner-petitioner has clearly demonstrated that it would be "futile" for him to attempt to pursue administrative relief. See e.g., Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3rd Cir. 1988). In this case, Petitioner contends that requiring him to exhaust his administrative remedies would be an exercise in futility, because the BOP will have already released him, (belatedly according to Petitioner), before he can complete the administrative remedy process. He further argues that he cannot be faulted for the "last minute" filing of his current petition, because he was not "aware of the particulars" of his claim "until recently." (Petition, ¶ 7, 10.)

The Court fully appreciates that requiring Petitioner to exhaust his administrative remedies will, as a practical matter, deprive him of an opportunity to litigate his sentence credit claim in federal court. He represents that the BOP intends to release him on June 17, 2000, and it is a virtual certainty that he will not be able to exhaust his administrative remedies before that date. Nevertheless, the Court does not believe that Petitioner should be excused from the exhaustion requirement under the circumstances presented here.

The "futility exception" to the exhaustion rule should be reserved for those cases in which some factor external to the Petitioner nullifies any realistic opportunity to

obtain administrative relief.[2] Where the BOP has effectively foreclosed the availability of administrative relief -- by reason of prior decisions in indistinguishable cases or because it has somehow blocked access to the administrative process -- prisoners should not be forced to pursue the futile gesture of exhaustion. However, the BOP should not be deprived of the opportunity to correct its own errors, (where an error has occurred), and the courts should not be deprived of a fully-developed administrative record, solely because of the petitioner's own ignorance, inadvertence or dilatoriness. Applying that reasoning here, the Court concludes that Petitioner should not be excused from the exhaustion of administrative remedies requirement, because the apparent futility of his administrative remedies is not attributable to anyone other than himself.

In short, the Court finds that Petitioner has not shown a valid excuse for not exhausting his administrative remedies before seeking federal habeas corpus relief. It is therefore recommended that the instant petition be summarily dismissed for non-

---

[2] Other courts have held that a prisoner who has forfeited his opportunity to seek administrative relief will not be excused from the exhaustion requirement unless he is able to show "cause" for his default, and that actual prejudice will result if his claims are procedurally barred. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761-62 (3rd Cir. 1996); Sanchez v. Miller, 792 F.2d 694, 697-99 (7th Cir. 1986), cert. denied, 479 U.S. 1056 (1987); Francis v. Rison, 894 F.2d 353, 355 (9th Cir. 1990). In order to satisfy the "cause" requirement, the prisoner must show that some "external impediment" prevented him from satisfying the exhaustion of administrative remedies requirement in a proper and timely manner. Moscato, 98 F.3d at 762 (petitioner could not satisfy cause requirement where he failed "to allege the existence of an external impediment" or that "anything other than [his own] dilatoriness caused the [administrative] appeal to be filed late"). As explained by the Supreme Court, "'cause' under the cause and prejudice test is something external to the petitioner, something that cannot fairly be attributed to him... [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable.'" Coleman v. Thompson, 501 U.S. 722, 753 (1991) (emphasis in original), quoting Murray v. Carrier, 477 U.S. 478, 488 (1986).

exhaustion. While allowing Petitioner the opportunity to file another petition probably will have no practical significance in this case, it will nevertheless be recommended that the instant petition be dismissed without prejudice, so that Petitioner can return to federal court, if necessary, after satisfying the exhaustion requirement.[3]

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**

Petitioner's "Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241," (Docket No. 1), be summarily DISMISSED WITHOUT PREJUDICE.

Dated: May 26th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

---

[3] Although the Court has determined that the instant petition cannot be entertained at this time, it should be noted that Petitioner's sentence credit claim would almost certainly be denied if it were to be decided on the merits. According to Eighth Circuit case law, 18 U.S.C. § 3585(b) does not allow federal prisoners a second sentence credit for jail time that has already been credited toward a state sentence. As the Court explained in U.S. v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991):

> "A defendant is entitled to credit for time spent in official detention only if it has not been credited against another sentence. [Citing 18 U.S.C. § 3585(b).] In this case, [defendant] receives credit on his state sentence for the time he spends in state custody. Thus, [defendant] is not entitled to credit this time against his federal sentence."

The Court of Appeals made the same observation in U.S. v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), cert. denied, 511 U.S. 1059 (1994). See also U.S. v. Labeille-Soto, 163 F.3d 93, 99 (2nd Cir. 1998) (also noting that a defendant has no right to credit on his federal sentence for time that has been credited against a prior state sentence). Thus, Petitioner's argument that he is entitled to a double credit, (once to reduce a state sentence and later to reduce his current federal sentence), is directly contradicted by controlling case law.

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.